IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNOCAL CORPORATION AND
SUBSIDIARIES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. C 05-03417 JSW

**ORDER GRANTING MOTION TO DISMISS PETITION TO QUASH AND TO COMPEL COMPLIANCE WITH SUMMONSES**

    Now before the Court is the motion filed by Respondent United States to dismiss the petition to quash and to compel compliance with summonses. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Respondent's motion to dismiss the petition and to compel compliance with summonses. The Court finds this matter suitable for resolution without oral argument and therefore VACATES the hearing date of January 6, 2006. *See* Civ. L. R. 7-1(b).

## BACKGROUND

    This proceeding was initiated by Unocal Corporation and its subsidiaries ("Unocal") pursuant to 26 U.S.C. § 7609(b)(2) to quash two administrative summonses served by Respondent, through its agent, Revenue Agent Betty Keeson of the Internal Revenue Service ("IRS"). The IRS moved to dismiss the petition to quash and to compel compliance with the summonses pursuant to 26 U.S.C. § 7609(b)(2)(A). The IRS issued the summonses in

1  connection with its audit of the federal income tax returns of Unocal for calendar years ending
2  1998 through 2001.  The audit concerned whether Unocal properly deducted certain monetary
3  payments made as a result of its settlement of two state lawsuits with various parties, including
4  the Attorney General of the State of California, over alleged environmental contamination of
5  two sites, one in Avila Beach, California and one at the Guadalupe oil field in California.  The
6  settlements in both lawsuits required Unocal to make substantial payments to the State, along
7  with other remedial efforts.  The primary dispute between Unocal and the IRS is whether
8  Unocal properly claimed the monetary payments and expenses incurred as a result of the
9  settlements as ordinary and necessary business expenses pursuant to Section 162 of the Internal
10 Revenue Code.  The settlement agreements between Unocal and the State of California set out
11 both monetary payments and penalty amounts (in the case of the Guadalupe settlement).  (*See*
12 Petition, Ex. 3 at 12, Ex. 4 at 3, 4-5.)  The settlement agreements also provided that
13 performance of the obligations set forth in the agreement released Unocal from "all civil,
14 criminal, and administrative claims." (*See* Petition, Ex. 3 at 16, Ex. 4 at 13.)

15 Unocal represents that in the course of the IRS' two-year investigation, it has produced
16 to the Government all non-privileged materials relating to the two state matters and their
17 settlement. (Petition at ¶ 4.)  Unocal also produced a privilege log indicating those documents it
18 refused to produce on the basis of either the work product doctrine and/or the attorney-client
19 privilege. (*See* Amended Declaration of Cynthia Stier in support of Government's Reply
20 ("Stier Reply Decl."), Ex. D.)

21                                         **ANALYSIS**
22 **A.     Authority to Issue Summonses and Judicial Enforcement.**
23 The Secretary of the Treasury and the Commissioner of Internal Revenue are invested
24 with the authority and charged with the responsibility of administering and enforcing the
25 Internal Revenue Code.  Internal Revenue Code Section 7601 directs the Secretary to make
26 inquiries into the tax liability of every person who may be liable to pay any internal revenue tax.
27 In so doing, the Code authorizes the Secretary to examine records, issue summonses, and to
28 take testimony for the purposes of: (1) ascertaining the correctness of any return, (2) making a

2

1  return where none has been made, (3) determining the liability of any person for any internal
2  revenue tax, or (4) inquiring into any offense connected with the administration or enforcement
3  of the internal revenue laws. *Donaldson v. United States*, 400 U.S. 517, 523-24 (1971).

4  In order to obtain enforcement of its summonses, the Commissioner "need not meet any
5  standard of probable cause . . . [rather, he] must show that the investigation will be conducted
6  pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the
7  information sought is not already within the Commissioner's possession, and that the
8  administrative steps required by the Code have been followed – in particular, that the 'Secretary
9  and his delegate,' after investigation, has determined the further examination to be necessary
10 and has notified the taxpayer in writing to that effect." *United States v. Powell*, 379 U.S. 48,
11 57-58 (1964). An IRS summons is not judged by the relevance standards used to decide the
12 admission of evidence in federal Court. *See United States v. Arthur Young & Co.*, 465 U.S.
13 805, 814 (1984). The language of the Code "reflects Congress' express intention to allow the
14 IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference
15 to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to
16 know whether such data will in fact be relevant until it is procured and scrutinized." *Id.*
17 (emphasis in original).[1]

18 Once the Commissioner has made a showing that the summoned materials may be
19 relevant to a legitimate tax purpose, it is entitled to an enforcement order unless there is some
20 showing that the Commissioner is attempting to abuse court process, such as "if the summons
21 had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on
22 him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the
23 particular investigation." *Id.* at 58.

24 To establish a need for judicial enforcement, the Commissioner's burden "need only be
25 minimal. This is necessarily true because the statute must be read broadly in order to ensure
26 that the enforcement powers of the IRS are not unduly restricted." *Liberty Financial Services v.*

---

[1] The admissibility of the documents requested in the summonses are therefore not at issue, and Petitioner's arguments regarding the applicability of California Evidence Code 1152 are inapposite.

3

1   *United States*, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). "Assertions by affidavit
2   of the investigating agent that the requirements are satisfied are sufficient to make the prima
3   facie case." *Id.* (citations omitted).
4       In this matter, the declaration of Revenue Agent Betty Keeson, attached to the
5   Opposition to the Petition to Quash, satisfies the Government's prima facie burden of
6   establishing the need for judicial enforcement. The declaration states that the summons calls for
7   the production for examination of books, papers, records, or other data "in order to properly
8   investigate the Federal tax liability of Unocal Corporation & Subsidiaries for the following
9   years: 1998, 1999, 2000 and 2001." (Declaration of Betty Keeson, ¶ 9.) The declaration
10  therefore sets out that the IRS seeks to use its power for a bona fide audit or tax collection
11  purpose and it establishes that the information sought, which is not already in the Government's
12  possession, is related to the tax liabilities under audit. (*Id.*, ¶¶ 2-7.) Lastly, the declaration sets
13  out that the IRS has followed proper administrative procedures. (*Id.*, ¶ 8.)[2] Therefore, the
14  Government has met its burden to demonstrate the need for judicial enforcement of the
15  summonses.

16  **B.   Privilege Issues.**

17      Petitioner contends that the documents requested by the summonses may constitute, in
18  large part, documents that are protected by the work product doctrine and/or the attorney-client
19  privilege. However, the privilege log indicates that the State and Unocal exchanged the
20  documents that Unocal now claims are protected from disclosure to the Government. (Stier
21  Reply Decl., Ex. D.) The documents generated by Unocal and disclosed to the State are not
22  protected by the attorney-client privilege as they have already been shared with a third party.
23  *See Weil v. Investment/Indicators, Research & Management, Inc.*, 647 F.2d 18, 24 (9th Cir.

---

[2] Petitioner alleges that the IRS did not follow administrative procedures by notifying Unocal 5 days prior to the service of the summons. The statutory procedure for serving third-party summonses under 26 U.S.C. § 7609(a)(1) requires that the IRS give notice of the summonses within 3 days of the date on which the service is made, but no later than the twenty-third day before the day fixed in the summons for examination of the records. The notice is considered sufficient if, "on *or before* the third day, such notice is served." 26 U.S.C. § 7609(a)(2). Because notice was given 5 days in advance of the service, such notice is sufficient.

1981). Similarly, the work-product protection is waived when the work product is shared with an adverse party. *See United States v. Massachusetts Institute of Technology ("MIT")*, 129 F.3d 681, 687 (1st Cir. 1997). The protections vis-a-vis disclosure to the IRS in this matter were waived by the production to the State of California, whether or not there was an agreement to maintain their confidentiality in the state proceeding. *See e.g, United States v. Bergonzi*, 216 F.R.D. 487, 496-97 (N.D. Cal. 2003) (finding that privilege was waived in the absence of an explicit agreement, but where regulations and practices indicated maintenance of confidentiality, and relying on the holding in *MIT*, 129 F.3d at 683, to the effect that the determination of waiver does not turn on the existence of such an agreement).

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition to quash and to compel compliance with the summonses is GRANTED.[3]  The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated:   December 23, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner's contentions that the motion to dismiss should be converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 or analyzed as a routine motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) is unpersuasive. The Internal Revenue Code sets out a procedure for petitioning to quash a summons and provides that, in such a proceeding, the Secretary "may seek to compel compliance with the summons." 26 U.S.C. § 7609(b)(2)(A). Therefore, Petitioner's request to construe the motion to require discovery is unavailing and such request is DENIED.